UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

STANLEY T. OSHINTAYO,

                                        Petitioner,

v.                                                                    9:19-cv-01249
                                                                      (TJM/TWD)

G. JONES, Superintendent,

                                        Respondent.
_____

APPEARANCES:                               OF COUNSEL:

STANLEY T. OSHINTAYO
*Petitioner, pro se*

LETITIA JAMES                              JAMES FOSTER GIBBONS, ESQ.
Attorney General for the State of New York   Assistant Attorney General
*Attorney for Respondent*
28 Liberty Street
New York, NY 10005

**THÉRÈSE WILEY DANCKS**, United States Magistrate Judge

## REPORT-RECOMMENDATION AND ORDER

## I.    INTRODUCTION

        This matter has been referred for a report and recommendation by the Hon. Thomas J.

McAvoy, Senior United States District Judge, pursuant to 28 U.S.C. § 636(b)(1)(B) and Local

Rule 72.3(c).  Petitioner Stanley T. Oshintayo seeks federal habeas corpus relief pursuant to 28

U.S.C. § 2254.  (Dkt. No. 1, Petition; Dkt. No. 2, Exhibits.)  On November 18, 2019, the Court

directed Respondent to answer the petition.  (Dkt. No. 7, Order.)  Respondent opposed the

petition.  (Dkt. No. 22, Answer; Dkt. No. 22-1, Memorandum of Law in Opposition; Dkt. No.

23, State Court Records.)  Despite being afforded the opportunity to file a traverse, Petitioner did

not respond to Respondent's memorandum of law and did not ask for an extension of time.  (Dkt.

No. 26, Text Order.)  For the reasons that follow, the Court recommends the habeas petition be denied and dismissed.

## II.    BACKGROUND

In February 2015, Petitioner was charged by a Broome County grand jury with robbery in the first degree, menacing in the second degree, assault in the second degree, and resisting arrest. *People v. Oshintayo*, 163 A.D.3d 1353, 1357 (3rd Dep't 2018).  These charges stemmed from a late night incident in October 2014 during which Petitioner engaged in a verbal altercation with Richard Lance ("Lance"); threatened Lance and his companion, Preston Alexander ("Alexander"), with a pair of hedge clippers; took a wallet and cell phone from Alexander; and fought with police officers when he was arrested immediately after the incident.  *Id*.

Petitioner was initially represented by assigned counsel, Terrence Gallagher, Esq.  *Id*.  In a December 2015 appearance before trial, Petitioner chose to represent himself and did so throughout the subsequent jury trial.  *Id*.  On January 6, 2016, the jury found Petitioner not guilty of robbery in first degree, and guilty of menacing in the second degree, assault in the second degree, and resisting arrest.  *Id*.  He was thereafter sentenced, as a second violent felony offender, to an aggregate prison term of six years with five years of post-release supervision.  *Id*.

In his counselled appeal to the Appellate Division, Third Department, Petitioner argued: (1) the trial court failed to make the requisite "searching inquiring" before allowing Petitioner to proceed to trial *pro se*; (2) ineffective assistance of counsel; (3) the convictions are against the weight of the evidence; (4) the trial court erred in failing to charge the jury as to intoxication; (5) the sentence was harsh and excessive; and (6) the trial court erred in not ordering an examination

into Petitioner's mental competency. (Dkt. No. 23 at 3-65.[1]) On July 26, 2018, the Appellate Division unanimously affirmed Petitioner's conviction. *Oshintayo*, 163 A.D.3d at 1354-58. Petitioner asked the Court of Appeals to consider the same claims he raised in the Appellate Division. (Dkt. No. 1 at 3-4.) On September 26, 2018, that Court of Appeals denied leave. *People v. Oshintayo*, 32 N.Y.3d 1006 (2018).

Petitioner also collaterally attacked his state court conviction via a *pro se* motion to vacate judgment pursuant to New York Criminal Procedure Law ("CPL") § 440.10 based on ineffective assistance of counsel. (Dkt. No. 1 at 4.) Relevant to the instant action, he argued Gallagher was ineffective because he (1) failed to secure Petitioner's appearance before the grand jury; (2) failed to file a motion for a *Wade* hearing;[2] and (3) was ineffective on an unrelated matter pending in the City of Binghamton. (Dkt. No. 23 at 150-246.) On March 23, 2018, Petitioner's 440 motion was denied. *Id*. at 254-59. Petitioner filed an application for permission to appeal. (Dkt. No. 1 at 5.) The Appellate Division denied Petitioner's request on July 3, 2018. (Dkt. No. 23 at 260.) This action followed.

## III.   PETITION

Petitioner contends he is entitled to federal habeas relief because (1) his Fifth and Sixth Amendment rights were violated (Ground One), and (2) his Eighth and Fourteenth Amendment rights were violated (Ground Two). (Dkt. No. 1 at 6-8.) As part of the attached exhibits to the petition, Petitioner includes arguments, as well as what appears to be supporting documents, for both grounds of his petition. (Dkt. No. 2 at 194-503.) Liberally construed, Petitioner alleges (1)

---

[1]   Citations to all submissions refer to the pagination generated by CM/ECF, the Court's electronic filing system.

[2]   A *Wade* hearing is used to determine whether a witness identification procedure was unduly suggestive. *See United States v. Wade*, 388 U.S. 218, 232 (1967).

he received ineffective assistance of counsel; (2) the court erred by not appointing new counsel to represent Petitioner and by appointing Gallagher as standby counsel, (3) he was subjected to cruel and unusual punishment during his arrest and subsequently denied proper medical treatment; and (4) his convictions were based on legally insufficient evidence. *Id*. at 194-99, 357-61.

## IV.    LEGAL STANDARDS FOR HABEAS CORPUS RELIEF

### A.    Standard of Review

Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), a federal court may grant habeas corpus relief with respect to a claim adjudicated on the merits in state court only if, based upon the record before the state court, the state court's decision (1) "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or (2) "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."  28 U.S.C. §§ 2254(d)(1), (2); *Cullen v. Pinholster*, 563 U.S. 170, 180-81, 185(2011); *Premo v. Moore*, 562 U.S. 115, 120-21(2011); *Schriro v. Landrigan*, 550 U.S. 465, 473 (2007).

This standard is "highly deferential" and "demands that state-court decisions be given the benefit of the doubt."  *Felkner v. Jackson*, 562 U.S. 594, 598 (2011) (per curiam) (quoting *Renico v. Lett*, 559 U.S. 766, 773 (2010) (internal quotation marks omitted)).  The Supreme Court has repeatedly explained "a federal habeas court may overturn a state court's application of federal law only if it is so erroneous that 'there is no possibility fairminded jurists could disagree that the state court's decision conflicts with [the Supreme] Court's precedents.'" *Nevada v. Jackson*, 569 U.S. 505, 508-09 (2013) (per curiam) (quoting *Harrington v. Richter*, 562 U.S. 86, 102 (2011)); *see Metrish v. Lancaster*, 569 U.S. 351, 358 (2013) (explaining that

success in a habeas case premised on § 2254(d)(1) requires the petitioner to "show that the challenged state-court ruling rested on 'an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement'") (quoting *Richter*, 562 U.S. at 103)).

Additionally, the AEDPA foreclosed "'using federal habeas corpus review as a vehicle to second-guess the reasonable decisions of state courts.'" *Parker v. Matthews*, 567 U.S. 37, 38 (2012) (per curiam) (quoting *Renico*, 559 U.S. at 779). A state court's findings are not unreasonable under § 2254(d)(2) simply because a federal habeas court reviewing the claim in the first instance would have reached a different conclusion. *Wood v. Allen*, 558 U.S. 290, 301 (2010). "The question under AEDPA is not whether a federal court believes the state court's determination was incorrect but whether that determination was unreasonable–a substantially higher threshold." *Schriro*, 550 U.S. at 473.

Federal habeas courts must presume that the state courts' factual findings are correct unless a petitioner rebuts that presumption with "clear and convincing evidence." *Schriro*, 550 U.S. at 473-74 (quoting 28 U.S.C. § 2254(e)(1)). "A state court decision is based on a clearly erroneous factual determination if the state court failed to weigh all of the relevant evidence before making its factual findings." *Lewis v. Conn. Comm'r of Corr.*, 790 F.3d 109, 121 (2d Cir. 2015) (internal quotation marks omitted). Finally, "[w]hen a state court rejects a federal claim without expressly addressing that claim, a federal habeas court must presume that the federal claim was adjudicated on the merits[.]" *Johnson v. Williams*, 568 U.S. 289, 301 (2013).

### B.      Exhaustion and Procedural Default

An application for a writ of habeas corpus may not be granted until a petitioner has exhausted all remedies available in state court, a requirement excused only if "there is an absence of available State corrective process" or where "circumstances exist that render such process

ineffective to protect the rights of the applicant."  28 U.S.C. §§ 2254 (b)(1)(A), (B)(i), (ii).  "The

exhaustion requirement 'is principally designed to protect the state courts' role in the

enforcement of federal law and prevent disruption of state judicial proceedings[.]'"  *Jimenez v.

Walker*, 458 F.3d 130, 149 (2d Cir. 2006) (quoting *Rose v. Lundy*, 455 U.S. 509, 518 (1982)).

To satisfy the exhaustion requirement, a petitioner must do so both procedurally and

substantively.  Procedural exhaustion requires that a petitioner raise all claims in state court prior

to raising them in a federal habeas corpus petition.  Substantive exhaustion requires that a

petitioner "fairly present" each claim for habeas relief in "each appropriate state court (including

a state supreme court with powers of discretionary review), thereby alerting that court to the

federal nature of the claim."  *Baldwin v. Reese*, 541 U.S. 27, 29 (2004) (citations omitted); *Fama

v. Comm'r. of Corr. Servs.*, 235 F.3d 804, 808 (2d Cir. 2000).  In other words, a petitioner "must

give the state courts one full opportunity to resolve any constitutional issues by invoking one

complete round of the State's established appellate review process."  *O'Sullivan v. Boerckel*, 526

U.S. 838, 845 (1999).

"[W]hen a 'petitioner fail[s] to exhaust state remedies and the court to which the

petitioner would be required to present his claims in order to meet the exhaustion requirement

would now find the claims procedurally barred,' the federal habeas court should consider the

claim to be procedurally defaulted."  *Clark v. Perez*, 510 F.3d 382, 390 (2d Cir. 2008) (quoting

*Coleman v. Thompson*, 501 U.S. 722, 735 n.1 (1991)).  Unexhausted claims may be deemed

exhausted if "it is clear that the unexhausted claim is procedurally barred by state law," rendering

presentation of the claim in state court "futile."  *Aparicio v. Artuz*, 269 F.3d 78, 90 (2d Cir. 2001)

(citing *Reyes v. Keane*, 118 F.3d 136, 139 (2d Cir. 1997)).

Procedurally defaulted claims are not subject to habeas review unless a petitioner shows cause for the default and actual resulting prejudice, or that the denial of habeas relief would result in a fundamental miscarriage of justice, i.e., that he is actually innocent. *House v. Bell*, 547 U.S. 518, 536-39 (2006); *Schlup v. Delo*, 513 U.S. 298, 327 (1995). "[A]ctual innocence means factual innocence, not mere legal insufficiency." *Dunham v. Travis*, 313 F.3d 724, 730 (2d Cir. 2002).

To establish cause, a petitioner must show that some objective external factor impeded his ability to comply with the relevant procedural rule. *Maples v. Thomas*, 565 U.S. 266, 280 (2012); *Coleman*, 501 U.S. at 753. If a petitioner fails to establish cause, a court need not decide whether he suffered actual prejudice, because federal habeas relief is generally unavailable as to procedurally defaulted claims unless both cause and prejudice are demonstrated. *See Murray v. Carrier*, 477 U.S. 478, 496 (1986) (referring to the "cause-and-prejudice standard"); *Stepney v. Lopes*, 760 F.2d 40, 45 (2d Cir. 1985).

## V.    DISCUSSION

### A.    Ineffective Assistance of Counsel

Petitioner claims counsel was ineffective for (1) not securing Petitioner's earlier release on an unrelated matter; (2) not securing Petitioner's testimony before the grand jury; and (3) not requesting a *Wade* hearing. (Dkt. No. 1 at 6; No. No. 2 at 194-99.) Petitioner exhausted these claims and the state courts rejected them on the merits, subjecting them to AEDPA deference on habeas review. Respondent argues Petitioner is not entitled to habeas relief because both state courts reasonably applied *Strickland v. Washington*, 466 U.S. 668 (1984). (Dkt. No. 22-1 at 18-27.)

The Sixth Amendment mandates that "[i]n all criminal prosecutions, the accused shall enjoy the right . . . to have the Assistance of Counsel for his defense."  U.S. Const., amend VI. "[T]he right to counsel is the right to the effective assistance of counsel."  *McMann v. Richardson*, 397 U.S. 759, 771 n.14 (1970).

To demonstrate constitutionally ineffective assistance of counsel, a petitioner must show counsel's performance fell below an objective standard of professional reasonableness, and that, but for counsel's errors, the result of the proceedings would have been different.  *Premo*, 562 U.S. at 121-22 (2011); *Strickland*, 466 U.S. at 694.  "*Strickland* does not guarantee perfect representation, only a reasonably competent attorney."  *Richter*, 562 U.S. at 110 (quoting *Strickland*, 466 U.S. at 687) (internal quotation marks and further citation omitted).  A petitioner must overcome "a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance . . . [and] that, under the circumstances, the challenged action 'might be considered sound trial strategy.'"  *Strickland*, 466 U.S. at 689 (quoting *Michel v. Louisiana*, 350 U.S. 91, 101 (1955)).  Even assuming a petitioner can establish counsel was deficient, he still must demonstrate prejudice.  *Id*. at 693-694.

Meeting this burden is "never an easy task . . . [and] [e]stablishing that a state court's application of *Strickland* was unreasonable under § 2254(d) is all the more difficult."  *Premo*, 562 U.S. at 122 (citations and internal quotation marks omitted); *Burt v. Titlow*, 571 U.S. 12, 16 (2013) (noting "AEDPA erects a formidable barrier" to federal habeas review of claims that have been adjudicated in state court).

When reviewing a state court's decision under section 2254, "[t]he question is not whether a federal court believes the state court's determination under the *Strickland* standard was incorrect but whether that determination was unreasonable–a substantially higher threshold."

*Knowles v. Mirzayance*, 556 U.S. 111, 123 (2009) (internal quotation marks and citation omitted). Federal habeas courts "must guard against the danger of equating unreasonableness under *Strickland* with unreasonableness under § 2254(d)" because "[w]hen § 2254(d) applies, the question is not whether counsel's actions were reasonable." *Richter*, 562 U.S. at 105. Instead, "[t]he question is whether there is any reasonable argument that counsel satisfied *Strickland's* deferential standard." *Id.*

Here, for the reasons discussed below, the Court recommends denying each of Petitioner's ineffective assistance claims. Whether his ineffective assistance arguments are considered individually or in combination, Petitioner has failed to establish counsel's representation was deficient or that he was prejudiced. As a result, the state courts' rejection of those claims were not contrary to, or an unreasonable application of, clearly established Supreme Court precedent, nor did they constitute an unreasonable determination of the facts in light of the evidence presented.

### 1.    Unrelated Misdemeanor Charge

As noted, Petitioner contends Gallagher was ineffective for not earlier securing Petitioner's release on an unrelated misdemeanor charge. (Dkt. No. 2 at 194-95; *see also* Dkt. No. 23 at 166-68.) In his 440 motion, Petitioner asked the court to "take Judicial Notice of Mr. Gallagher's performance as defense counsel in a prior set of charges that were pending and linked to an early plea offer with the current case." (Dkt. No. 23 at 166- 68.[3]) According to

---

[3] As set forth in Respondent's brief, on October 21, 2014, a few days after his arrest in the instant case, Petitioner was ordered to be released from jail. However, officials continued to hold him in the county jail under an unrelated sexual misconduct misdemeanor conviction that was obtained in Binghamton City Court. (Dkt. No. 22-1 at 21.) Apparently, Petitioner's counsel on the City Court Charge, an attorney from the Public Defenders' Office, had Petitioner plead guilty on an unstated date to this crime in exchange for a three year term of probation. *Id.* However, the plea was "illegal" because the shortest sentence available to the charge was a six

Petitioner, had Gallagher gotten the unrelated crime dismissed sooner than he did, Petitioner "would have had a better opportunity" to prepare his defense to the instant charges "from the streets."  (Dkt. No. 2 at 194; *see also* Dkt. No. 23 at 166-65.)

The 440 court correctly concluded there was "no basis for taking 'judicial notice' of [Gallagher's] alleged deficiencies with respect to a prosecution pending in another court before another judge."  (Dkt. No. 23 at 258.)  In any event, the record indicates Gallagher successfully moved to rescind the pela, Petitioner was released on May 20, 2015, and the misdemeanor charge was ultimately dismissed.  *Id.* at 235-39.  To the extent Petitioner claims Gallagher's delay in making the motion to withdraw the plea of guilty in City Court "prejudiced" him in the instant case, Petitioner has never explained what measures he was unable to take because he was in jail.

In sum, the Court agrees with Respondent that Petitioner's claim regarding Gallagher's representation of him on the unrelated misdemeanor affords no basis for habeas relief.

## 2.    Grand Jury

Next, Petitioner claims Gallagher was ineffective for failing to take measures to have Petitioner testify before the grand jury.  (Dkt. No. 2 at 194-99; *see also* Dkt. No. 23 at 46-49, 141-42, 156-62.)  The state courts rejected this claim on the merits.  To that end, the Appellate Division held Petitioner's "claim that he did not receive the effective assistance of counsel when he was represented by assigned counsel during pretrial proceedings finds no support in the record, which shows that counsel made appropriate pretrial motions and obtained rulings favorable to [Petitioner] in preparation for trial." *Oshintayo*, 163 A.D.3d at 1357-58.  The 440

---

year term.  *Id.*  Gallagher subsequently assumed Petitioner's representation and on April 8, 2015, moved to rescind the plea.  The court granted the motion and released Petitioner on May 20, 2015.  (Dkt. No. 22-1 at 21-22; *see also* Dkt. No. 23 at 235-39.)

court found Petitioner's "allegations regarding his desire to testify before the grand jury, without

more, do not amount to a denial of ineffectiveness of counsel." (Dkt. No. 23 at 257.) The 440

court also determined Petitioner's "contention that his acquittal after trial of [r]obbery in the

[f]irst [d]egree 'strongly suggests' a reasonable possibility that had he testified before the grand

jury, the outcome of the proceedings would have been different, is pure speculation." *Id*.[4]

This claim is not cognizable on federal habeas review because "the right to present

testimony before a grand jury is purely a matter of New York state law and not a federal

constitutional right." *Blond v. Graham*, No. 9:12-CV-1849 (JKS), 2014 WL 2558932, at *9

(N.D.N.Y. June 6, 2014) (citing *Davis v. Mantello*, 42 F. App'x 488, 491 n.1 (2d Cir. 2002)); *see*

*also Hutchings v. Herbert*, 260 F. Supp. 2d 571, 577 (W.D.N.Y. 2003) ("It is . . . well settled that

a criminal defendant's right to testify before the grand jury is not a constitutional right; rather, it

is a creature of state statute."); *Gibbs v. New York*, No. 01 Civ. 5046, 2002 WL 31812682, at *4

(S.D.N.Y. 2002) (petitioner's claim that he was denied the opportunity to testify before the grand

jury was not cognizable on federal habeas review because it is a right created by state law alone);

N.Y. Crim. Proc. Law § 190.50.

Accordingly, "New York courts have consistently held that counsel's failure to ensure

that the defendant testifies before the grand jury does not amount to ineffective assistance of

counsel." *Davis*, 42 F. App'x at 491 n.1 (collecting cases); *see also Jaramillo v. Artus*, No. 9:12-

CV-01657 (JKS), 2014 WL 2986926, at *12 (N.D.N.Y. July 2, 2014) ("Because there is no

---

[4] Notably, Petitioner did not testify at trial. *See Beauharnois v. Chappius*, No. 9:12-CV-1283 (FJS/ATB), 2015 WL 893091, at *31 (N.D.N.Y. Mar. 2, 2015) ("Further, even assuming that petitioner was not given notice of the grand jury presentation, he has not indicated what he would have said to the grand jury that would have prevented his indictment. Thus, petitioner has not demonstrated that the People's alleged failure to provide him with notice of his right to testify caused him any prejudice.").

constitutional right to testify before a grand jury, [the petitioner's] claim that his counsel impermissibly waived his state right to testify before a grand jury is not cognizable on federal habeas review."); *Clark v. Cunningham*, No. 09-CV-3578, 2014 WL 1399416, at *24 (E.D.N.Y. Apr. 10, 2014) ("Petitioner claims that he received ineffective assistance of counsel because he was unable to testify at the grand jury proceedings.  There is no federally-cognizable ineffective assistance claim concerning advice regarding the state grand jury process."); *Smith v. Hulihan*, 11 Civ. 2948, 2011 WL 4058764, at *17-18 (S.D.N.Y. Sept. 13, 2011) ("[Petitioner] claims his pre-trial attorneys 'precluded him from testifying before the grand jury.'  This claim is meritless because there is no federally-cognizable ineffective assistance claim concerning advice regarding the state grand jury process.")); *Affser v. Murray*, No. 04 CV 2715, 2008 WL 2909367, at *7 (E.D.N.Y. July 28, 2008) ("[C]ounsel's alleged failure to secure petitioner's presence before the grand jury does not constitute ineffective assistance") (collecting cases).

Furthermore, Petitioner cannot demonstrate prejudice related to the grand jury proceedings because he was convicted at trial.  *See Jaramillo*, 2014 WL 2986926, at *12 (citing *Murry v. Greene*, No. 9:06-cv-0322, 2009 WL 3165637, at *8 n.9 (N.D.N.Y. Sept. 29, 2009) ("Petitioner maintains that if he could have testified before the grand jury, he could have explained the facts of the case and refuted the finding that he committed a crime.  However, any error in grand jury proceedings is cured by the subsequent conviction on the charge by the petit jury.") (citing *Velez v. New York*, 941 F. Supp. 300, 316 (E.D.N.Y. 1996)); *see also Davis*, 42 F. App'x at 490 ("Claims of deficiencies in state grand jury proceedings are not cognizable in a habeas corpus proceeding in federal court.").

Accordingly, and for reasons set for in Respondent's memorandum of law, habeas relief is not warranted on this basis.  (Dkt. No. 22-1 at 23-24.)

3.    *Wade* Hearing

Lastly, Petitioner contends, as he did on direct appeal and in the 440 motion, counsel was ineffective for not requesting a *Wade* hearing.  (Dkt. No. 194 at 196; Dkt. No. 23 at 40-42, 141-42, 160-62.)  As noted above, the Appellate Division generally found Gallagher made "all appropriate pretrial motions."  *Oshintayo*, 163 A.D.3d at 1357-58.  Additionally, the 440 court determined Gallagher's "[f]ailure to request a *Wade* hearing, taking into consideration the totality of the circumstances, does not rise to the level of ineffective assistance of counsel." (Dkt. No. 23 at 256.[5])  Respondent argues these courts reasonably applied Supreme Court law in rejecting Petitioner's claim.  (Dkt. No. 22-1 at 24-27.)  Again, the Court agrees with Respondent.

In assessing whether the failure to request a *Wade* hearing constitutes ineffective assistance, the Second Circuit "has demanded some showing of the likelihood for success at the hearing."  *Lynn v. Bliden*, 443 F.3d 238, 249 (2d Cir. 2006); *see Kimmelman v. Morrison*, 477 U.S. 365, 375 (1986) (to establish prejudice as the result of counsel's failure to request a suppression motion, the petitioner must establish that his underlying claim was "meritorious" and that "there is a reasonable probability that the verdict would have been different absent the excludable evidence."); *see also United States v. Kirsh*, 54 F.3d 1062, 1071 (2d Cir. 1995) ("[T]he failure to make a meritless argument does not rise to the level of ineffective assistance, *see United States v. Javino*, 960 F.2d 1137, 1145 (2d Cir.), *cert. denied*, 506 U.S. 979 (1992), and "strategic choices made after thorough investigation of law and facts relevant to plausible options are virtually unchallengeable[.]") (citing *Strickland*, 466 U.S. at 690) (other citations omitted)).

---

[5]  The 440 court noted "[f]ailure to request a particular hearing does not, in and of itself constitute ineffective assistance of counsel, particularly where such an endeavor is likely to be futile[.]"  (Dkt. No. 23 at 257.)

To prevail at a *Wade* hearing, Petitioner would have first had to show the pretrial identification procedures were unduly and unnecessarily suggestive. *Raheem v. Kelly*, 257 F.3d 122, 133 (2d Cir. 2001). "If the procedures were not suggestive, the identification evidence presents no due process obstacle to admissibility; no further inquiry by the court is required, and '[t]he reliability of properly admitted eyewitness identification, like the credibility of the other parts of the prosecution's case is a matter for the jury.'" *Id*. (quoting *Foster v. California*, 394 U.S. 440, 442 n.2 (1969)) (citation omitted). "If the court finds, however, that the procedures were suggestive, it must then determine whether the identification was nonetheless independently reliable." *Id*.

As the 440 court observed, it would have been futile for counsel to obtain a *Wade* hearing because the "show-up identification" was not suggestive and would have been admissible. (Dkt. No. 23 at 255-56.) *See United States v. Arena*, 180 F.3d 380, 396-97 (2d Cir. 1999) (counsel cannot be ineffective for failing to make a meritless motion). To that end, the evidence at trial indicated the police arranged a show-up identification within 20 minutes and a few blocks of the crime. (*See* Dkt. No. 23-11 at 250-51.) Petitioner refused to look up when police drove by with Alexander to view Petitioner. *Id*. Alexander nonetheless identified Petitioner as the person who had robbed him. *Id*. When the identification occurs soon after and in close proximity to the crime, it is not unduly suggestive. *See Brisco v. Ercole*, 565 F.3d 80, 88-89 (2d Cir. 2009) ("[W]e have held that identification evidence from show-ups held in close temporal and geographic proximity to the crime scene may be admitted[.]").

Even if the procedure was unduly suggestive, it was nonetheless independently reliable. Lance relayed to police that Petitioner, armed with hedge clippers, appeared to be robbing Alexander, and surveillance footage showed a man dressed in the same clothing as Petitioner

brandishing a metallic object.  Months later, Alexander was housed in the same pod as Petitioner in county jail.  At trial, Alexander identified Petitioner as the individual who robbed him.  (Dkt. No. 23-11 at 250-51.)

Thus, the 440 court correctly determined that "taking into consideration the totality of the circumstances," Alexander's identification of Petitioner would have been deemed admissible following a *Wade* hearing and he also would have been permitted to identify Petitioner in court at trial.  (Dkt. No 23 at 258.)  *See Neil v. Biggers*, 409 U.S. 188, 199-200 (1972).

Finally, Petitioner cannot show he was prejudiced by Gallagher's representation in this regard.  As set forth above, the jury acquitted Petitioner of robbing Alexander so there was no "reasonable probability that the verdict would have been different" had Alexander's identification of Petitioner been excluded.  (Dkt. No. 23-12 at 125.)  Furthermore, because surveillance video linked Lance's testimony to Petitioner and Petitioner assaulted Officer Baer while being arrested, Alexander's show-up identification of Petitioner as his robber had no bearing on the counts of menacing in the second degree, assault in the second degree, and/or resisting arrest.  (Dkt. No. 23-11 at 61-74, 97, 101-10, Dkt. No. 23-12 at 125.)

Accordingly, the Appellate Division's and 440 court's decisions denying Petitioner's claim on this ground were neither contrary to nor an unreasonable application of *Strickland* and the Court recommends denying the petition on this claim.

## B.    Denial of New Counsel

Petitioner claims the trial court erred in not appointing new counsel to represent him and in appointing Gallagher as standby counsel.  (Dkt. No. 2 at 197-98.[6])  The Appellate Division

---

[6] As Respondent points out, Petitioner does not renew his claim that the trial court erred in allowing him to represent himself at trial.  (Dkt. No. 22-1 at 27 n.1.)  In any event, the Appellate Division held the trial court ensured Petitioner effectively, knowingly, and

rejected these arguments on the merits. *Oshintayo*, 163 A.D.3d at 1354-55. Respondent argues

this claim is not cognizable on habeas review and is without merit. (Dkt. No. 22-1 at 5, 27-32.)

The Court agrees with Respondent.

The Sixth Amendment right to counsel includes "the right of a defendant who does not

require appointed counsel to choose who will represent him." *United States v. Gonzalez-Lopez*,

548 U.S. 140, 144 (2006). But this "right to counsel of choice does not extend to defendants

who require counsel to be appointed for them." *Id*. at 151. "[T]he Supreme Court has not

articulated a standard for deciding a Sixth Amendment claim based on a habeas petitioner's

---

intelligently waived his right to counsel and understood the pitfalls in proceeding *pro se*,
*Oshintayo*, 163 A.D.3d at 1355, and the Court finds the record devoid of evidence that the
Appellate Division unreasonably applied clearly established federal law in its determination that
Petitioner knowingly and voluntarily waived his right to counsel.

To that end, the Appellate Division discussed, and the record supports, the trial court
repeatedly warned Petitioner of the consequences of waiving his right to counsel. *Id*. The court
asked Petitioner a series of questions during which Petitioner confirmed that he had never gone
to trial in any action or proceeding, criminal or civil, and had no legal training. *Id*. The court
explained to Petitioner the challenges of representing oneself at a criminal trial; advised him that
he would be held to the same standards as an attorney; and warned him that electing to represent
himself at a trial that was scheduled to commence in only 30 days was the "worst decision" he
could make. *Id*. The court adjourned consideration of Petitioner's request to allow Petitioner the
opportunity to consider the consequences of proceeding *pro se*. *Id*. At an appearance two days
later, the court again advised Petitioner of the advantages that his experienced counsel could
provide at trial and repeated its warning that it would be a "huge mistake" for him to proceed *pro
se* before ultimately granting his request to represent himself and dismissing counsel. *Id*. At a
subsequent pretrial conference, the court explained to Petitioner how the trial would be
conducted and, at Petitioner's request, reappointed his original counsel as standby counsel. *Id*.

This process was not an unreasonable application of clearly established federal law and
was sufficient to confirm that Petitioner was knowingly and voluntarily waiving his right to
counsel. *See Carpenter v. Conway*, No. 07-CV-3602, 2011 WL 795860, at *7 (E.D.N.Y. Feb.
25, 2011) (holding trial court did not unreasonably apply clearly established federal law where
the trial court asked petitioner, among other things, if he knew how to cross-examine witnesses
or what motions to file; described petitioner's responsibilities in proceeding *pro se*; and
repeatedly recommended that petitioner should proceed with appointed counsel); *Allison v.
Khahaifa*, No. 10-CV-3453, 2011 WL 3298876, at *15 (E.D.N.Y. Aug. 1, 2011) (holding
petitioner knowingly waived his right to counsel where trial court had emphasized appointed
counsel's experience and expertise and explained to petitioner the risks of self-representation).

allegation [that] the trial court denied his request for substitute counsel." *Zuniga v. Lamana*, No. 18-CV-5717, 2019 WL 4124416, at *7 (S.D.N.Y. Aug. 30, 2019) (bracket in original) (quoting *Ward v. Capra*, No. 17-CV-0704 (ARR), 2019 WL 2302351, at *6 (E.D.N.Y. May 30, 2019) (quoting *Smith v. Bonner*, 104 F. Supp. 3d 1252, 1271 (D. Colo. 2015))).  As such, the denial of Petitioner's request for new counsel is not cognizable for purposes of habeas review.

In any event, the claim fails on the merits because the Appellate Division properly rejected Petitioner's request for substitute counsel and found no error in the reappointment of Gallagher as standby counsel for the reasons set forth in Respondent's memorandum of law. *Oshintayo*, 163 A.D.3d at 1354-55.  (*See* Dkt. No. 22-1 at 28-38; *see also supra* note 6.)

Therefore, the Court recommends denying and dismissing the petition on this ground.

### C.      Cruel and Unusual Punishment

Petitioner asserts his constitutional rights were violated when he was subjected to "cruel and unusual punishment" during his arrest and subsequently denied proper medical treatment. (Dkt No. 2 at 357-58.)  Respondent counters that this claim provides no basis for habeas relief. (Dkt. No. 22-1 at 32-33.)  Again, the Court agrees with Respondent.

As discussed, "a claim is cognizable in habeas when it seeks to challenge the validity of a state prisoner's confinement or duration of confinement '[that] is in violation of the Constitution or laws or treaties of the United States.'"  *Diaz v. Keyser*, No. 20 CIV. 5469, 2022 WL 2304271, at *4 (S.D.N.Y. June 27, 2022) (bracket in original) (quoting *Shinn v. Ramirez*, 142 S. Ct. 1718, 1730 (2022) (quoting 28 U.S.C. § 2254)).  But here, Petitioner's allegations focus on complaints about the circumstances of his arrest by alleging he was "forcefully arrested, beaten and dragged to a police van" and denied "proper medical treatment."  (Dkt. No. 2 at 357.)  "Although '[t]he Fourth Amendment prohibits the use of excessive force by arresting and investigating officers,'"

a petitioner's claim that "police officers severely beat him during his arrest does not implicate the validity of his conviction or the duration of his state-court sentence." *Mills v. Lempke*, No. 11-CV-0440, 2013 WL 435477, at \*7, 45 (W.D.N.Y. Feb. 4, 2013); *see also Jackson v. Suffolk Cty. Homicide Bureau*, 135 F.3d 254, 257 (2d Cir. 1998) (noting "a claim for use of excessive force lacks the requisite relationship to the conviction") (citing *Heck v. Humphrey*, 512 U.S. 477, 487 (1994)); 28 U.S.C. § 2254(a).  It follows that a claim for denying proper medical treatment during the course of the arrest does not implicate the validity of a conviction or the duration of a state court-sentence.  Rather, such allegations may form the basis of a civil rights claim under 42 U.S.C. § 1983.

Therefore, the Court recommends denying and dismissing the petition on this ground.

**D.     Legal Sufficiency**

Petitioner contends the trial court failed to adduce sufficient evidence to support his conviction.  (Dkt. No. 2 at 358-61.[7])  As set forth above, Petitioner was convicted of menacing in the second degree, assault in the second degree, and resisting arrest.  *Oshintayo*, 163 A.D.3d at 1357.  Respondent argues Petitioner's legal sufficiency of evidence claim is procedurally barred and entirely without merit.  (Dkt. No. 22-1 at 33-37.)  The Court agrees with Respondent.

A convicted defendant seeking federal habeas review for sufficiency of evidence to support his conviction bears a heavy burden, given the considerable deference owed to a jury's verdict at both the state and federal levels.  *Coleman v. Johnson*, 566 U.S. 650, 651 (2012) (per

---

[7]  To the extent Petitioner purports to challenge the weight of the evidence, no such claim is cognizable on habeas review because a weight of the evidence claim is based solely on state law.  *See McKinnon v. Superintendent, Great Meadow Corr. Facility*, 422 F. App'x 69, 75 (2d Cir. 2011).  "Unlike a sufficiency of the evidence claim, which is based upon federal due process principles, a weight of the evidence claim is an error of state law, for which habeas review is not available."  *Garrett v. Perlman*, 438 F. Supp. 2d 467, 470 (S.D.N.Y. 2006) (citation and internal quotation marks omitted).

curiam); *Fama*, 235 F.3d at 811; *United States v. Brewer*, 36 F.3d 266, 268 (2d Cir. 1994).  A

petitioner invoking this ground is entitled to relief only if it is found "that upon the record

evidence adduced at trial no rational trier of fact could have found proof of guilt beyond a

reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 324 (1979); *see also Coleman*, 566 U.S.

at 651; *Cavazos v. Smith*, 565 U.S. 1, 7 (2011) (per curiam).

When making its analysis concerning sufficiency of the evidence, a court is required to

"consider the evidence in the light most favorable to the prosecution and make all inferences in

its favor." *Fama*, 235 F.3d at 811.  This inquiry "does not focus on whether the trier of fact

made the correct guilt or innocence determination, but rather whether it made a *rational* decision

to convict or acquit." *Herrera v. Collins*, 506 U.S. 390, 402 (1993) (emphasis in original).

In response to a habeas petition, a federal court may overturn a state appellate court's

finding of evidence sufficiency only if, when judged against this standard, the decision was

objectively unreasonable, even though if considering the matter *de novo* the federal court may

have reached a different result.  *Coleman*, 566 U.S. at 651; *Garbutt v. Conway*, 668 F.3d 79, 81

(2d Cir. 2012) (a legal sufficiency claim on federal habeas review is "doubly deferential").  Thus,

where the state courts have denied a petitioner's legal sufficiency claim on the merits, a district

court "may not grant the writ unless [it] conclude[s] that no reasonable court could have held that

any reasonable jury could have read the evidence to establish petitioner's guilt beyond a

reasonable doubt." *Garbutt*, 668 F.3d at 82.

### 1.    Second Degree Menacing and Resisting Arrest

On direct appeal, Petitioner only challenged the legal sufficiency of the second degree

assault count.  (Dkt. No. 23 at 52-54, 143-44.)  Thus, any challenge to the legal sufficiency of the

second degree menacing and resisting arrest counts is unexhausted.  *Baldwin v. Reese*, 541 U.S. at 29.

The claim is also procedurally defaulted because Petitioner can no longer raise it in any state forum.  Petitioner already utilized the direct appeal to which he is entitled and applied for leave to the Court of Appeals.  *See Grey v. Hoke*, 933 F.2d 117, 120-21 (2d Cir. 1991) (explaining that, where "the one request for leave to appeal" was taken and additional collateral review would be barred because the issues could have been raised on direct appeal, "petitioner no longer has 'remedies available' in the . . . state courts"); *Aparicio*, 269 F.3d at 91.  Because the claim was reviewable from the record, he cannot raise it in a motion to vacate the judgment.

As set forth above, procedurally defaulted claims are not subject to habeas review unless a petitioner shows cause for the default and actual resulting prejudice, or shows that the denial of habeas relief would result in a fundamental miscarriage of justice.  *House*, 547 U.S. at 536-39 (2006); *see also Dunham*, 313 F.3d at 730.  Here, the Court concludes Petitioner has failed to demonstrate cause for his default.[8]  Moreover, Petitioner has not established that failure to reach his claims will result in a fundamental miscarriage of justice.  Thus, there is nothing that can save Petitioner's procedurally defaulted claim, and habeas relief is precluded.

---

[8] To the extent Petitioner appears to argue the trial court's failure to appoint substitute counsel constitutes cause for his default, i.e., "[t]he outcome throughout the whole proceedings could have been different had petitioner been blessed with better legal assistance[,]", *see* Dkt. No. 2 at 198, as set forth above, this claim is not cognizable on habeas review and meritless and therefore may not serve as cause to excuse his procedural default.  *Aparicio*, 269 F.3d at 91.  Because Petitioner failed to establish cause, the Court need not decide whether he will suffer actual prejudice before foreclosing habeas review of his claims.  *Murray*, 477 U.S. at 496; *Stepney*, 760 F.2d at 45.  In any event, Petitioner was acquitted of the most serious felony, robbery in the second degree, and his contention that "effective counsel more than likely could have gotten a better verdict" is pure speculation.  (Dkt. No. 2 at 199.)

Accordingly, the Court recommends dismissing Petitioner's legal sufficiency claim challenging the second degree menacing and resisting arrest counts as procedurally defaulted.

### 2.    Second Degree Assault

Although Petitioner challenged the sufficiency of the second degree assault count evidence on direct appeal, the Appellate Division found the claim unpreserved.  *Oshintayo*, 163 A.D.3d at 1357, n.1 ("By making only a general motion to dismiss at trial, defendant failed to preserve his argument that his assault conviction was not supported by legally sufficient evidence[.]").  Under New York law, challenges to the sufficiency of the evidence must be properly preserved for appellate review.  *People v. Hawkins*, 872 N.Y.S.2d 395, 399 (N.Y. 2008) ("To preserve for [ ] review a challenge to the legal sufficiency of a conviction, a defendant must move for a trial order of dismissal, and the argument must be 'specifically directed' at the error being urged[.]") (citing *People v. Gray*, 86 N.Y.3d 10, 19 (N.Y. 1995)).  Pursuant to New York's contemporaneous objection rule, CPL § 470.05(2), which has long been an "adequate and independent ground" that bars federal habeas review, *Whitley v. Ercole*, 642 F.3d 278, 292 (2d Cir. 2011), "appellate courts will review only those errors of law that are presented at a time and in a manner that reasonably prompted a judge to correct them during criminal proceedings." *Downs v. Lape*, 657 F.3d 97, 103 (2d Cir. 2011).

Because the Appellate Division invoked this adequate and independent state ground in denying Petitioner's legal sufficiency claim, this Court is barred from considering its merits.  *See Velasquez v. Leonardo*, 898 F.2d 7, 9 (2d Cir. 1990) (when state court explicitly invokes state procedural bar, federal habeas review is precluded) (citing *Harris v. Reed*, 489 U.S. 255, 264, n. 10 (1989)).  And, for the reasons discussed above, Petitioner cannot overcome this procedural bar.

Accordingly, the Court also recommends dismissing Petitioner's legal sufficiency claim challenging the second degree assault count as procedurally defaulted.[9]

### 3.    Merits

In any event, Petitioner's sufficiency of the evidence claim fails on the merits for the reasons set forth in Respondent's memorandum of law.  (Dkt. No. 22-1 at 35-37.)  As relevant here, a person is guilty of assault in the second degree, when he or she, with intent to prevent a police officer from performing a lawful duty, causes physical injury to the officer.  Penal Law § 120.05[3].  Physical injury "means impairment of physical condition or substantial pain," *see* Penal Law § 10.00[9], and while "[s]ubstantial pain cannot be defined precisely, [it] . . . is more than slight or trivial pain."  *People v. Chiddick*, 8 N.Y.3d 445, 447 (2007).  The evidence established Petitioner punched and kicked Officer Baer as Baer tried to subdue and arrest him, and that Baer fell to the ground and injured himself in the course of trying to arrest Petitioner.  (Dkt. No. 23-11 at 64-70.)  As the Appellate Division observed, Officer Baer testified that during his struggle with Petitioner, "he felt sharp pains in his knee and ankle, and other law enforcement officers corroborated his testimony by stating that he limped away from the incident"; he "sought treatment at a hospital[,] . . . missed two days of work and, during that time, he continued to experience pain and had difficulty walking."  *Oshintayo*, 163 A.D.3d at 1357.

---

[9]  The Court notes the Appellate Division found Petitioner's conviction of assault in the second degree was not against the weight of the evidence.  *Oshintayo*, 163 A.D.3d at 1357.  As discussed above, a weight of the evidence claim is not cognizable on federal habeas review.  However, inasmuch as the Appellate Division found Petitioner's conviction of assault in the second degree was not against the weight of the evidence, that ruling was not contrary to or an unreasonable application of clearly established Supreme Court precedent.  *Jackson*, 443 U.S. at 324.

The evidence also established Petitioner resisted arrest, Penal Law § 205.30, in that Petitioner intentionally prevented or attempted to prevent Officer Baer "from effecting an authorized arrest of himself or another person." (Dkt. No. 23-11 at 64-70.)

Finally, as to menacing in the second degree, the evidence established Petitioner placed Lance "in reasonable fear of physical injury, serious physical injury or death by displaying a deadly weapon" or "dangerous instrument." Penal Law § 120.14(1). Lance's testimony that Petitioner charged at Lance and opened and closed a two-feet-long pair of hedge clippers in Lance's direction satisfied these elements of proof. His testimony was corroborated by Alexander's testimony and by the pole camera footage showing an individual dressed just as Petitioner was when he was arrested moments later, who was wielding a metallic object. (Dkt. No. 23-10 at 177-83, 190-93, Dkt. No. 23-11 at 104-05, 152-54.)

Accordingly, the Court also recommends denying and dismissing Petitioner's legal sufficiency claim on the merits.

## VI.    CONCLUSION

After carefully reviewing the entire record in this matter, the parties' submissions, and the applicable law, and for the reasons stated herein, it is hereby

**RECOMMENDED** that the petition for a writ of habeas corpus (Dkt. No. 1) be **DENIED** and **DISMISSED**; and it is further

**RECOMMENDED** that no certificate of appealability should be issued with respect to any of the claims set forth in the petition as Petitioner has not made "a substantial showing of the denial of a constitutional right" pursuant to 28 U.S.C. § 2253(c)(2); and it is further

**ORDERED** that the Clerk of the Court shall serve a copy of this Report-Recommendation and Order on Petitioner, along with copies of unpublished decisions cited herein in accordance with *Lebron v. Sanders*, 557 F.3d 76 (2d Cir. 2009) (per curiam).

Pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 72.1(c), the parties have fourteen (14) days within which to file written objections to the foregoing report.[10]  Such objections shall be filed with the Clerk of the Court.  <u>**FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN DAYS WILL PRECLUDE APPELLATE REVIEW.**</u>  *Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993) (citing *Small v. Secretary of HHS*, 892 F.2d 15 (2d Cir. 1989)); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72.

**SO ORDERED.**

Dated:  March 6, 2023
         Syracuse, New York

Thérèse Wiley Dancks
United States Magistrate Judge

---

[10]  If you are proceeding *pro se* and are served with this Report-Recommendation and Order and by mail, three additional days will be added to the fourteen-day period, meaning that you have seventeen (17) days from the date the Report-Recommendation and Order was mailed to you to serve and file objections.  Fed. R. Civ. P. 6(d).  If the last day of that prescribed period falls on a Saturday, Sunday, or legal holiday, then the deadline is extended until the end of the next day that is not a Saturday, Sunday, or legal holiday.  Fed. R. Civ. P. 6(a)(1)(C).